437 So.2d 278 (1983)
CENTRAL LOUISIANA ELECTRIC COMPANY, INC.
v.
LOUISIANA PUBLIC SERVICE COMMISSION.
No. 83-CA-0604.
Supreme Court of Louisiana.
September 2, 1983.
Rehearing Denied October 7, 1983.
William O. Bonin, Landry, Watkins & Bonin, New Iberia, for plaintiff-appellant.
Michael R. Fontham, Paul L. Zimmering, William E. Brown, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, James F. Abadie, Abadie & Hudson, Marshall B. Brinkley, Baton Rouge, for defendant-appellee.
DENNIS, Justice.
Plaintiff, Central Louisiana Electric Company, sought judicial review in district court of the defendant Commission's failure to authorize higher rates so as to produce a 12.41 percent fair rate of return, instead of the 11.6 percent allowed by the Commission. The district court held that the Commission's rate order is presumed to be valid and found that the plaintiff had failed to carry its burden of proving that the agency had acted arbitrarily.
The plaintiff utility appealed to this court. See Art. 4, Section 21, La. Const. of 1974. It contends that the rate order must *279 be set aside because the record does not contain any reasons, findings or evidence which support the rates fixed by the commission. We conclude that plaintiff's appeal has merit and that the Commission's order must be reversed.
In its rate order the Commission made the following findings of ultimate facts:
"The Commission has determined that CLECO should be given the opportunity to earn an 11.6% overall rate of return. In order to earn an 11.6% overall rate of return, the Company should be permitted to increase its rates for retail electric service in Louisiana by $30,200,000."
However, the Commission's rate order does not contain any findings of basic facts related to its ultimate factual findings as to fair rate of return and just and reasonable rates. Moreover, the rate order contains no reasons explaining how the rate of return was derived from the evidence or from findings based thereon.
A reviewing court will not substitute its judgment for that of the Commission in fixing public utility rates, and the agency's rate order will be upheld unless shown to be arbitrary, capricious, abusive of its authority, clearly erroneous or unsupported by evidence. See So. Cent. Bell Tel. v. L.P.S.C., 352 So.2d 964 (La.1977). Therefore, to enable a reviewing court to intelligently review the Commission's determinations, the agency must provide the court and the parties with findings as to the disputed issues and a statement of reasons supporting its determination such as to enable a reviewing court to determine with some measure of confidence whether or not the ratemaking authority, which still remains in the Commission, has been exercised in a manner which is not arbitrary, capricious or unreasonable. Giallanza v. Louisiana Public Service Comm'n, 412 So.2d 1369 (La.1982); Cf., Dunlop v. Bachowski, 421 U.S. 560, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1975); Glazer v. Comm'n on Ethics for Public Employees, 431 So.2d 752 (La.1983); Baton Rouge Waterworks Co. v. La. Pub. Serv. Comm., 342 So.2d 609 (La.1977).
Since the primary purpose of the ratemaking process is to set rates at such a level that the utility's revenues will produce a fair rate of return, it is necessary for the Commission to delineate and make explicit the basis upon which it has computed the utility's fair rate of return. So. Cent. Bell Tel. v. L.P.S.C., 352 So.2d 964 (La.1977). This is particularly so in a case such as this where the commission rejected the fair rates of return derived from the evidence by the expert witnesses, including that proposed by its own consultant, and calculated a different rate of return upon an undisclosed basis.[1] Cf. Dunlop v. Bachowski, supra.
Although we may uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned, such as when the findings and reasons are necessarily implied by the record, we will not supply a finding from the evidence or a reasoned basis for the Commission's action that the Commission has not found or given.[2]Giallanza v. LPSC, supra; B.R. Waterworks v. Louisiana Public Service Comm'n, 342 So.2d 609 (La.1977); Cf. Bowman Transportaion, Inc. v. Arkansas-Best Freight System, Inc., 419 U.S. 281, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974); 3 K. Davis Administrative Law Treatise at 130. Consequently, when the Commission fails to explain the basis or reason for its decision, and no rationale for its action is obvious, we must vacate its order and remand for a redetermination.
*280 The rate order of the Public Service Commission and the judgment of the district court are reversed and the case is remanded to the Commission for a new determination.
DIXON, C.J., concurs.
NOTES
[1] Richard J. Lurito, the Commission's expert, testified that the rate of return on common equity should be 16.0 percent which would give a fair rate of return of 12.41 percent. Dr. Charles Moyer, expert witness for CLECO testified that the return on common equity should be 19.6 percent which would mean a fair rate of return higher than that proposed by Mr. Lurito.
[2] The Commission's attorneys argue that the Commission's action was based on passages of prefiled expert testimony. However, from our examination of the record and the rate order this is far from clear. We cannot accept appellate counsel's post hoc rationalizations for agency action. Burlington Truck Lines, Inc. v. U.S., 371 U.S. 156, 169, 83 S.Ct. 239, 9 L.Ed.2d 207 (1962).